UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:25-CV-265-CRS

DEMETRICK ELLIS                                                         PLAINTIFF

v.

LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT, *et al*.                                        DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Demetrick Ellis ("Ellis") sued Defendants Louisville-Jefferson County Metro Government ("Louisville Metro"), Lt. Col. Jerry Collins ("Collins"), and Officer Ronald Harris ("Harris") for damages sustained during an alleged assault by Harris while Ellis was in the custody of the Louisville Metro Department of Corrections ("LMDC"). Complaint, DN 1-1. The defendants move for dismissal of all claims in Ellis' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Motion, DN 4. For the reasons set forth below, the Court will grant the defendants' motion with respect to Ellis' claims under federal law and decline supplemental jurisdiction over Ellis' state law claims.

## LEGAL STANDARD

A plaintiff must plead "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint "does not need detailed factual allegations," but a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

The Court assumes the veracity of well-pleaded factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Court determines whether the well-pleaded factual allegations

"plausibly give rise to an entitlement to relief." *Id.* However, the Court is not bound to "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. A "naked assertion" without "further factual enhancement" does not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

## FACTUAL ALLEGATIONS

The Court assumes the veracity of the following well-pleaded factual allegations:

On April 13, 2024, Ellis was in the custody of LMDC. Complaint, DN 1-1 at PageID# 9. Officer Harris was on duty as a correctional officer for LMDC. *Id.* Around 2:00 pm, Ellis "requested to check out of the dorm." *Id.* Ellis alleges that after this request, Harris "assaulted" him "by throwing him through a glass framed window that was attached to the structure of the building within LMDC." *Id.* Ellis states that "he was not aggressive prior to the assault." *Id.* Due to the incident, Ellis "has been unable to sleep, experienced inhibited sexual desire, physical pain and suffering, has suffered extreme humiliation, embarrassment, loss of enjoyment of life, alienation, and mental anguish . . ." *Id.* at PageID# 9-10.

Louisville Metro "has a policy that governs and prohibits excessive practices . . . [and] requires, *along with other actions*, LMDC officers not to engage in the use of excessive force and document and complete Excessive Force Reporting Forms." *Id.* at PageID# 10 (emphasis in original). On at least three occasions between 2018 and 2022, LMDC officers were found to have used excessive force. *Id.* at PageID# 10-11. On August 12, 2022, an investigation of LMDC by Louisville Metro found that "a 'disturbing' tolerance of poor performance and misconduct by staff have created safety risks for the people incarcerated there." *Id.* at PageID# 11. The report also stated concerns regarding "poor policy, training and supervision" and found that supervisors overlooked instances of unnecessary force. *Id.*

**DISCUSSION**

Counts I, II, III, and VIII of Ellis' complaint allege constitutional violations under 42 U.S.C. §1983 against Louisville Metro, Director Collins, and Officer Harris. Counts IV, V, VI, and VII allege Kentucky state law claims against Collins and Harris. The Court will address each count in turn.

**A. Count I: Constitutional Violations Against Louisville Metro**

Count I of Ellis' complaint alleges constitutional violations under §1983 against Louisville Metro. Complaint, DN 1-1 at PageID# 12. Specifically, Ellis alleges that employees of the city had a "custom, practice and policy" of "performing excessive and unnecessary use of force" and failing to properly investigate, document, or discipline officers for such force. *Id.* at PageID# 13-14.

To establish municipal liability for a policy or custom, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citation omitted). Policies are "formal rules or understandings—*often but not always committed to writing*—that [are] intended to, and [do], establish fixed plans of actions to be followed under similar circumstances consistently and over time." *Jackson v. City of Cleveland*, 925 F.3d 793, 829 (6th Cir. 2019) (citation omitted) (emphasis in original). A "custom" exists only if a pattern of behavior is "so permanent and well settled as to constitute a custom or usage with the force of law." *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 403 (6th Cir. 2010).

The defendants argue that Count I fails because Ellis' allegations of unlawful policies are conclusory, and because he presents insufficient factual allegations to support the existence of a custom of excessive force. Motion, DN 4 at PageID# 58-61. Indeed, Ellis' list of alleged policies amount to conclusory statements unaccompanied by factual enhancement. They are therefore not

entitled to the presumption of truth. *Taylor v. Brandon*, 2016 WL 258644, at *3 (W.D. Ky. Jan. 20, 2016) (citing *Iqbal*, 556 U.S. at 679). And all the incidents of excessive force cited by Ellis occurred more than two years before the events at issue here. Complaint, DN 1-1 at PageID# 11. Accordingly, the Court will dismiss Count I of the complaint.

**B. Count II: Constitutional Violations Against Collins and Harris**

Count II of Ellis' complaint alleges constitutional violations under §1983 against Director Collins and Officer Harris in their individual capacities. Complaint, DN 1-1 at PageID# 15. Specifically, Ellis alleges that Collins and Harris "deprived Mr. Ellis of his rights, privileges, and immunities" under the Fourth, Eighth, and Fourteenth Amendments.

Regarding Director Collins, the defendants argue that "Plaintiff's conclusory allegations are insufficient because they do not show that Collins "knowingly acquiesced in the unconstitutional conduct" – the absolute minimum for showing supervisory liability. Motion, DN 4 at PageID# 64 (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (citation omitted)). As to Ellis' claim against Officer Harris, the defendants argue that Ellis' allegations are mere legal conclusions couched as factual allegations. *Id.* at PageID# 69-72. The defendants are correct on both points. This count is supported by little more than recitations of the elements of the alleged offenses. Thus, the Court will dismiss Count II of the complaint.

**C. Count III: Failure to Train and Supervise Against Louisville Metro and Director Collins**

Count III of Ellis' complaint alleges a failure to train and supervise under §1983 against Louisville Metro and Director Collins in his individual capacity. Complaint, DN 1-1 at PageID# 17. Specifically, Ellis alleges that these defendants "failed to adequately train and/or supervise the correctional officers as to the use of force laws and what constitutes use of fore [sic] conduct." *Id.*

4

A failure-to-train claim requires a plaintiff to "'establish that: (1) the City's training program was inadequate for the tasks that officers must perform; (2) the inadequacy was the result of the City's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury.'" *Jackson*, 925 F.3d at 834 (quoting *Ciminillo v. Streicher*, 434 F.3d 461, 469 (6th Cir. 2006)).

Defendants argue that "Plaintiff fails to allege anything regarding the training the officers are or are not given and how it might be inadequate for the particular purpose of preventing the alleged use of excessive force on inmates." Motion, DN 4 at PageID# 54. The Court agrees. Ellis' claims of inadequate training and supervision amount to nothing more than legal conclusions couched as factual allegations. Accordingly, the Court will dismiss Count III of the complaint.

### D. Count VIII: Excessive Force Under §1983 Against Officer Harris

Count VIII of Ellis' complaint alleges excessive force under §1983 against Officer Harris. Complaint, DN 1-1 at PageID# 23. Ellis states that Harris "used more force than necessary to effect an arrest and or restrain the Plaintiff" and that "[t]he arrest and or restrain of the Plaintiff was unlawful and/or unreasonable." *Id.* As with the previous counts, Count VIII does little more than to recite the elements of the alleged offense. Without further factual enhancement, these recitations are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Accordingly, the Court will dismiss Count VIII of the complaint.

### E. Counts IV Through VII: State Law Claims Against Director Collins and Officer Harris

Counts IV and V of Ellis' complaint allege common law negligence under Kentucky state law against Director Collins. Counts VI and VII allege assault, battery, and excessive force under Kentucky state law against Officer Harris. Having dismissed all of Ellis' federal claims, the Court

will decline to exercise supplemental jurisdiction over these state law claims. Counts IV, V, VI, and VII of the complaint will be dismissed accordingly.

A separate order will be entered in accordance with this memorandum opinion.

July 8, 2025

Charles R. Simpson III, Senior Judge
United States District Court